**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1838
_____

TAKELE EDOSSA DINSSA
*Petitioner*

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
*Respondent*
_____

On Petition for Review of a Final Order of the Board of Immigration Appeals
(Agency No. A097-921-001)
Immigration Judge: Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2014

Before: FUENTES, FISHER, *Circuit Judges*, and JONES, *District Judge*.[1]

(Filed: February 10, 2014)
_____

OPINION
_____

FUENTES, *Circuit Judge*:

---

[1] Honorable C. Darnell Jones, II, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Takele Dinssa petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. For the reasons set forth below, we dismiss in part and deny in part the petition for review.

**I.**

Dinssa, an ethnic Oromo and citizen of Ethiopia, was admitted to the United States on a nonimmigrant visa and was later issued a Notice to Appear in Immigration Court for overstaying his visa. Dinssa conceded removability, but sought asylum, withholding of removal, and protection pursuant to the regulations implementing the United States' obligations under the Convention Against Torture ("CAT"). *See* 8 U.S.C. §§ 1158(a), 1231(b)(3); 8 C.F.R. §§ 1208.16(c), 1208.17(a).

Based on documentary and testimonial evidence regarding the Oromo Liberation Front ("OLF") and Dinssa's admitted support for that group, the IJ found that Dinssa was statutorily ineligible for asylum and withholding of removal due to the material support to a terrorist organization bar. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd). In pertinent part, the IJ found that Dinssa belonged to a group of businessmen that "contribut[es] money to cover medical and other expenses of OLF cadres" and that the "evidence indicates that [Dinssa] financially supported the OLF." AR 172. Additionally, while Dinssa testified on direct examination that "he would never knowingly give money to someone who would use it for violence," he testified on cross examination that "he knew that the OLF has an army wing of fighters." AR 172. Accordingly, the IJ determined that Dinssa had not set forth clear and convincing evidence that the statutory "knowledge exception" to the

2

material support bar applied. While the IJ found Dinssa to be ineligible for asylum and withholding of removal, she granted him CAT deferral of removal pursuant to 8 C.F.R. § 1208.17(a).

In Dinssa's subsequent appeal to the BIA, he adopted the IJ's findings of fact, noted that the IJ's "consideration of the record was comprehensive and complete," and only challenged the IJ's legal determinations. AR 53. The BIA, in a written opinion, affirmed the IJ's decision. Dinssa filed this petition for review.[2]

## II.

On appeal, Dinssa argues that the material support bar does not apply to him because his conduct was lawful. We lack jurisdiction to hear this argument because Dinssa did not exhaust it before the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *see also Lin v. Att'y Gen.*, 543 F.3d 114, 120-21 & n.6 (3d Cir. 2008) (explaining that the exhaustion of administrative remedies is a jurisdictional requirement and that a petitioner must "raise[] all issues before the BIA").

---

[2] This Court has jurisdiction to review the BIA's final removal order pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA expressly adopts the IJ's decision and adds analysis of its own, we review the decisions of both the IJ and the BIA. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 n.16 (3d Cir. 2007). We exercise *de novo* review over the agency's conclusions of law. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). We review the denial of asylum and withholding of removal for substantial evidence. *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 425 (3d Cir. 2011). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In assessing whether the agency's determinations are supported by substantial evidence, we must decide "whether a reasonable fact finder could make such a determination based upon the administrative record." *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

We also reject Dinssa's contention that the material support bar does not apply to him due to the OLF's present inactivity. Assuming without deciding that the OLF is currently inactive, we agree with the BIA that Dinssa has offered "no legal authority to support his construction of the material support bar as only pertaining to currently-active terrorist organizations." AR 19.

Dinssa next argues that his support to the OLF did not amount to "material support" within the meaning of the statute. This argument fails because it is premised on facts contrary to those found by the IJ, affirmed by the BIA, and adopted by Dinssa himself. Dinssa asserts on appeal that he "did not provide any support to active and militant members of a terrorist organization," that "[n]one of the assistance that he provided offered any logistical support to the OLF," and that he only "provided some assistance to one member of the OLF." Pet. Br. at 22. However, this assertion contradicts the IJ's unchallenged finding that he "financially supported the OLF." AR 172.

The erroneous premise of a legal argument is a sufficient ground to reject it. *See Inst. for Scientific Info., Inc. v. U.S. Postal Serv.*, 555 F.2d 128, 130 (3d Cir. 1977) ("[T]here can be no truth to a conclusion drawn from an incorrect premise."); *see also Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (noting that "'[t]he duty of [the] court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions'" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)) (alterations in original)). Accordingly, we decline to review Dinssa's argument that his conduct did not constitute material support.

Finally, Dinssa asserts that the IJ and BIA incorrectly found that he did not satisfy the "knowledge exception" to the material support bar, 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd). Dinssa contends that his testimony proves by clear and convincing evidence that he qualifies for the "knowledge exception," since "he repeatedly stated that he has never supported violent activities and that he would never knowingly support violent activities." Pet. Br. at 28. However, Dinssa testified on cross examination that he knew the OLF had "an army wing of fighters" which undermines his claim that he did not knowingly support the OLF's violent activities. AR 172. Based on the record, a reasonable factfinder would not be compelled to conclude that Dinssa met his burden of demonstrating that he qualified for the "knowledge exception." Therefore, we affirm the agency's findings as supported by substantial evidence.

## III.

For the reasons stated above, we dismiss in part and deny in part Dinssa's petition for review.